IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CLARENCE SAUNDERS,**

    **Plaintiff,**

v.                                                                                    CIV. No. 99-088 LH/DJS

**STATE OF NEW MEXICO,
DEPARTMENT OF CORRECTIONS of the
STATE OF NEW MEXICO, COUNTY OF
BERNALILLO, CITY OF ALBUQUERQUE,
JOHN DANTIS**, individually and in his
capacity as Director of the Bernalillo County
Detention Center, **JEFF ROMERO**, individually
and in his capacity as District Attorney, Second
Judicial District, and in his former capacity as
Assistant District Attorney, Second Judicial
District,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a motion for default judgment (Docket No. 34) filed by Defendants John Dantis, the City of Albuquerque, and the County of Bernalillo. (collectively referred to as "Jail Defendants"). The Court, having considered the motion and memorandum of these defendants, for the reasons that follow, concludes that the motion shall be **taken under advisement** for two weeks time from entry of this Memorandum Opinion and

1

Order, and that Plaintiff shall be allowed this two week time period in which to file a response to Defendants' motion for summary judgment. If Plaintiff does not file such a response with the Court on or before January 10, 2000, Defendants' motion for default judgment will be granted.

**Background**

Plaintiff filed his Complaint for Damages for Violation of Civil Rights, False Imprisonment, Intentional Infliction of Emotion Distress and Slander on January 25, 1999 (Docket No. 1). In this lawsuit, Plaintiff alleges that he was unlawfully arrested and detained in violation of his federal civil rights and that immunity has been waived under the New Mexico Tort Claims Act. Plaintiff seeks compensatory damages, exemplary and punitive damages, and injunctive relief.

On October 5, 1999 Magistrate Judge Don Svet permitted Plaintiff's counsel to withdraw from representation of the Plaintiff and Plaintiff to appear *pro se* in this matter.

On November 2, 1999, the Jail Defendants filed a motion and brief in support of summary judgment, requesting that judgment be entered in their favor and against Plaintiff. To date, Plaintiff has failed to file a response with this Court to this motion. On November 24, 1999, Plaintiff filed a letter with this Court, requesting "an extension of time for his Nov. 22, 1999 deadline." He apologized for his late request and indicated that he had written several New Mexico attorneys who were recommended by various entities in New Mexico, Nevada, Arizona and California, presumably seeking their legal representation. This letter has just come to the attention of the Court.

On December 8, 1999, the Jail Defendants filed the motion and brief in support of default judgment, due to Plaintiff's failure to file a response to their motion for summary judgment.

**Discussion**

The Jail Defendants are correct that failure to serve (or file, if required by our local rules), a response in opposition to any motion constitutes consent to grant the motion. D.N.M.LR-CIV. 7.6(a). Defendants' motion for summary judgment was filed with this Court on November 2, 1999, and mailed to Plaintiff that same day. Pursuant to D.N.M.LR-CIV. 7.6(a), Plaintiff's response should have been filed within 14 (fourteen) calendar days after service of the motion, plus three (3) days for mailing pursuant to FED.R.CIV.P. 6(e), or no later than November 19, 1999. Although Plaintiff's letter seeking an extension of time indicates a November 19 date, it was not filed with the Court until five (5) days later, on November 24, 1999.

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This does not mean that the Court should assume the role of advocate for the *pro se* litigant however. *Id.* A *pro se* litigant is bound to the same rules of practice and procedure that apply to any licensed attorney. The Plaintiff must accordingly fully comply with all rules of practice and procedure, together with all court orders and directives. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). The failure to comply with the rules of procedure or failure to comply with court orders and directives may result in imposition of sanctions, including dismissal of a lawsuit. *See Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Thus, even where the plaintiff is proceeding *pro se*, under this Court's local rules, a failure to respond to a motion constitutes consent to grant the motion.

There are two factors here that obviate my granting the Defendants' motion for default judgment however. One is that Plaintiff opposed the withdrawal of his attorney, Mr. Rane, which

3

Judge Svet eventually allowed on October 5, 1999. It appears from Plaintiff's November 24, 1999 letter to the Court that he is in the process of attempting to secure legal representation and that he does not desire to proceed *pro se*.

The second factor is that, albeit late, Plaintiff did request an extension of time for his response to Defendant's motion for summary judgment.

Default judgments are not preferred and are set aside upon "good cause shown". FED.R.CIV.PRO. 55(c). Given Plaintiff's preference to proceed with legal counsel and his attempt to obtain an extension of time, I will, in effect, give him an additional two week extension to file a response to Defendants' motion for summary judgment with the Court. If this response is not filed with this Court on or before January 10, 2000, I will enter a default judgment in favor of the Jail Defendants at that time.

**WHEREFORE**, the Court, having considered the motion and memorandum of the Jail Defendants concludes that their motion for default judgment shall be **taken under advisement** for two weeks from entry of this Memorandum Opinion and Order. Plaintiff shall be allowed this two week time period in which to file a response to Defendants' motion for summary judgment. If Plaintiff does not file such a response with the Court on or before January 10, 2000, Defendants' motion for default judgment will be granted.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**